1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    REGINALD MILES,

11           Plaintiff,                    No. 2:12-cv-1665 DAD P

12      vs.

13    S. SNYDER et al.,

14           Defendants.            <u>ORDER</u>

15    _____/

16           Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18    This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19    302 and 28 U.S.C. § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24    in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4    U.S.C. § 1915(b)(2).

5                                    **SCREENING REQUIREMENT**

6            The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11   U.S.C. § 1915A(b)(1) & (2).

12           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

                                                      2

1  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4               The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15               Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20  allegations concerning the involvement of official personnel in civil rights violations are not

21  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                             **PLAINTIFF'S COMPLAINT**

23               In his complaint, plaintiff has identified Officers Snyder, Amicucci, Espinoza, and

24  Officers John Doe 1 and 2 as the defendants.  Plaintiff alleges as follows.  On May 21, 2012, at

25  the Solano County Jail where he is incarcerated, defendants John Doe 1 and 2 denied plaintiff

26  access to his recreational period.  According to plaintiff, this has happened on previous occasions

1   as well.  Plaintiff alleges that he asked defendants Snyder, Amicucci, and Espinoza for a

2   grievance form to submit a formal complaint against defendants Officers John Doe 1 and 2, but

3   they never gave him one.  Plaintiff acknowledges that he eventually received a grievance form

4   from one Officer Herndon but alleges that when he submitted his completed grievance to

5   defendant Snyder, the defendant never gave him a tracking sheet.  Plaintiff alleges that he has

6   had other complaints about the conditions of his confinement, and he has asked defendants

7   Amicucci and Espinoza for grievance forms.  However, again plaintiff alleges that only Officer

8   Herndon has provided him with the actual grievance form.  In terms of relief, plaintiff requests

9   monetary damages.  (Compl. at 3-5.)

10                                **DISCUSSION**

11            The allegations in plaintiff's complaint are so vague and conclusory that the court

12   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

13   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

14   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

15   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

16   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

17   with at least some degree of particularity overt acts which defendants engaged in that support his

18   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

19   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

20   amended complaint.

21            If plaintiff chooses to file an amended complaint, he must allege facts

22   demonstrating how the conditions complained of resulted in a deprivation of his federal

23   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

24   amended complaint must allege in specific terms how each named defendant was involved in the

25   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

26   some affirmative link or connection between a defendant's actions and the claimed deprivation.

                                         4

1    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

2    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

3    official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

4    F.2d 266, 268 (9th Cir. 1982).

5          Insofar as plaintiff wishes to proceed on a claim against defendants John Doe 1

6    and 2, he is advised that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not

7    favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  The court cannot order

8    service of a complaint on defendants not actually named in the complaint.  In this regard, if

9    plaintiff chooses to file an amended complaint against defendants John Doe 1 and 2, he should

10   attempt to learn their identity first and list their names in the amended complaint.

11         In addition, plaintiff is advised that inmates have a constitutional right to outdoor

12   exercise under the Eighth Amendment.  See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.

13   1993).  Long-term denial of outdoor exercise is unconstitutional.  See Spain v. Procunier, 600

14   F.2d 189 (9th Cir. 1979).  However, "prison officials are authorized and indeed required to take

15   appropriate measures to maintain prison order and discipline and protect staff and other

16   prisoners. . . ."  LeMaire, 12 F.3d 1458.  See also Hayward v. Procunier, 629 F.2d 599 (9th Cir.

17   1980) (five-month lockdown did not violate Eighth Amendment in light of state of emergency).

18   In any amended complaint plaintiff elects to file, he must clarify how often, how long, and under

19   what circumstances defendant Officers John Doe 1 and 2 purportedly denied him access to his

20   recreational period and explain why he believes their conduct in this regard rises to the level of

21   an Eighth Amendment violation.

22         Insofar as plaintiff wishes to proceed on a claim against defendants Snyder,

23   Amicucci, and Espinoza for denying him grievance forms or tracking sheets, plaintiff is advised

24   that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."

25   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640

26   (9th Cir. 1988)).  As such, county jail officials are not required under federal law to process

1   inmate grievances in a specific way or to respond to them in a favorable manner.  Of course,

2   under certain circumstances, a prisoner-plaintiff can assert a denial of access to the court's claim

3   in connection with the improper handling of an inmate grievance.  However, to assert such a

4   claim, plaintiff must allege facts establishing that he has suffered an "actual injury" as a result of

5   the defendant's conduct.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886

6   F.2d 1166, 1171 (9th Cir. 1989).  Here, it does not appear plaintiff could assert such an actual

7   injury as a result of defendant Snyder, Amicucci, and Espinoza's alleged conduct because

8   plaintiff himself acknowledges that he has twice received the proper grievance forms from

9   Officer Herndon.

10          Plaintiff is informed that the court cannot refer to a prior pleading in order to

11   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17                                              **CONCLUSION**

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21   The fee shall be collected and paid in accordance with this court's order to the Sheriff of Solano

22   County filed concurrently herewith.

23          3.  Plaintiff's complaint is dismissed.

24          4.  Plaintiff is granted thirty days from the date of service of this order to file an

25   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1 | docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
2 | amended complaint in accordance with this order will result in a recommendation that this action
3 | be dismissed without prejudice.
4 |         5.   The Clerk of the Court is directed to send plaintiff the court's form for filing a
5 | civil rights action.
6 | DATED: July 9, 2012.

DAD:9
mile1665.14a

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE