IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD MILES,

        Plaintiff,                      No. 2: 12-cv-1665 DAD P

    vs.

S. SNYDER, et al.,

        Defendants.               ORDER

                              /

        Plaintiff is an inmate at the Solano County Jail proceeding *pro se* and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. The court screened plaintiff's original complaint and, by order entered July 10, 2012, that complaint was dismissed with leave granted to file an amended complaint. Nonetheless, plaintiff has now filed a motion for leave to file an amended complaint along with an amended complaint.

I. SCREENING REQUIREMENT

        Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. See Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The Civil Rights Act under which this action is filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint is similar to his original complaint that the court dismissed with leave to amend. First, plaintiff alleges that John Doe # 1 and John Doe # 2 refused to grant him recreational time at the Solano County Jail on May 21, 2012. (See Dkt. No. 9 at p. 3.) Plaintiff alludes to the fact that he has been deprived of exercise at the jail for the last two to three months "on the yard." (See id. at p. 5.) He also states that he has been confined in segregated housing for the past five months. (See id.) Plaintiff claims that he requested an inmate grievance form from defendants Snyder, Amicucci and Espinoza to grieve this issue, but they refused to provide him with one. (See id. at p. 3.) Nevertheless, plaintiff admits that he received a grievance form from "Herndon" who, the court assumed, is another deputy assigned to the jail. (See id.) Plaintiff also claims that he was never given a tracking sheet from defendant Snyder after he filed his prison grievance. (See id.)

Next, Plaintiff asserts that male deputies at the jail used obscenities and played music over his call box on May 29, 2012, but when he tried to grieve this issue, he was met by

3

resistance from defendants Snyder, Amicucci, Espinoza, John Doe # 1 and John Doe # 2. (See id. at p. 4.)

Plaintiff also asserts that the wing of the jail to which he is assigned is without a television and that his cell has been searched by deputies several times. Finally, plaintiff claims that his hygiene products were missing after two of these cell searches. (See Dkt. No. 9 at p. 5.)

III. DISCUSSION

The court finds the allegations in plaintiff's amended complaint remain vague and conclusory such that the court is unable to determine whether the amended complaint is frivolous and/or fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant plaintiff a final opportunity to cure the noted deficiencies by granting him leave to file a second amended complaint.

If plaintiff elects to file a second amended complaint, he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved in the claimed violation of constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

/////

As with plaintiff's original complaint, his amended complaint attempts to proceed on claims against defendants John Doe # 1 and # 2. Plaintiff is once again advised that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The court cannot order service of a complaint on defendants not actually named in the complaint. Thus, should plaintiff choose to file a second amended complaint, he should attempt to discover the identity of these defendants and list them by name in the second amended complaint.

In the July 10, 2012 screening order, the court advised plaintiff that inmates have a constitutional right to outdoor exercise under the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). Long-term denial of outdoor exercise is unconstitutional. See Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979). However, "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners. . . ." LeMaire, 12 F.3d at 1458. See also Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (plaintiffs' five-month lockdown did not violate the Eighth Amendment in light of a state of emergency). In his amended complaint plaintiff alleges only that he was deprived of exercise for two to three months. (See Dkt No. 9 at p. 5.) In any second amended complaint plaintiff elects to file, he should allege facts clarifying under what circumstances John Doe # 1 and John Doe # 2 denied him access to a recreational period and explain why he believes their conduct in this regard rises to the level of an Eighth Amendment violation in light of the authorities referred to above.

Plaintiff also seeks to proceed on a claim against defendants Snyder, Amicucci, and Espinoza for denying him prisoner grievance forms or tracking sheets. Plaintiff is once again advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Jail officials are not required under federal law to process inmate grievances in a specific way or respond to them in a favorable manner. Nevertheless, under certain circumstances, a prisoner-plaintiff can assert a

5

denial of access to the court's claim in connection with the improper handling of an inmate grievance. However, to assert such a claim, plaintiff must allege facts establishing that he has suffered an "actual injury" as a result of defendant's conduct. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). Plaintiff's amended complaint does not appear to assert an actual injury with respect to his allegations in this regard. Plaintiff admits in his amended complaint that he received grievance forms from Deputy Herndon. Additionally, the amended complaint states that plaintiff has successfully filed a inmate grievances related to his lack of exercise claim.

Plaintiff also alleges that an unknown male deputies used obscenities and played music over his call box on May 29, 2012. However, plaintiff is advised that the use of vulgar language is not sufficient to state a constitutional deprivation under section 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding that the district court was correct in rejecting prisoner's claim that use of vulgar language violated his civil rights because "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citations omitted). To the extent that plaintiff's allegations also attempt to state a potential First Amendment claim to be allowed to file inmate grievances and be free from retaliation for doing so, he is further advised that in order to state a viable First Amendment retaliation claim, an inmate must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted).

Plaintiff's amended complaint also contains an allegation that he has been deprived access to a television. (See Dkt. No. 9 at p. 5.) However, inmates do not have a constitutional right to a television. See, e.g., Bontty v. Walker, Civ. No. 12-1010, 2012 WL 1458082, at *2 (E.D. Cal. Apr. 26, 2012); Martin v. Hurtado, Civ. No. 07-598, 2008 WL 4145683, at *13 (S.D. Cal. Sept. 3, 2008) ("the deprivation of a televison does not pose an

'atypical and significant hardship' when compared to 'the ordinary incidents of prison life'") (citation omitted).

Next, plaintiff complains about the numerous searches conducted of his jail cell. (See Dkt. No. 9 at p. 5.) However, the court notes that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Hudson v. Palmer, 468 U.S. 517, 530 (1984).

Finally, plaintiff asserts that his hygiene products were missing after defendant Amicucci searched his cell on June 11, 2012 and June 23, 2012. (See Dkt. No. 9 at p. 5.) Prisoners do have a right to sanitation and personal hygiene products. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). When assessing claims considering conditions of confinement, the court should consider the amount of time to which the inmate was subjected to the alleged condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). Plaintiff's amended complaint is silent with respect to how long he was subjected to a lack of personal hygiene products. In any second amended complaint that plaintiff elects to file, he must allege facts clarifying how long and under what circumstances defendant Amicucci purportedly denied him access to his personal hygiene products.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

## IV. PLAINTIFF'S MOTION TO AMEND

Plaintiff filed a motion to amend the complaint (see Dkt. No. 8.) contemporaneously with his first amended complaint. The July 10, 2012 order granted plaintiff leave to file a first amended complaint. Therefore, plaintiff's motion to amend will be denied as unnecessary.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Dkt. No. 8.) is DENIED as unnecessary because plaintiff was previously granted leave to file an amended complaint;

2. Plaintiff's amended complaint (Dkt. No. 9.) is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send plaintiff's the court's form for filing a civil rights action.

DATED: October 18, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
mile1665.14amd.new

8